﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190207-3369
DATE: October 31, 2019

REMANDED 

Entitlement to service connection for sciatica of the right side is remanded.

Entitlement to service connection for left arm disability is remanded.

Entitlement to special monthly compensation based on aid and attendance/housebound is remanded. 

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). 

The Veteran selected the higher-level review option when he submitted the RAMP election form in September 2018. Accordingly, the January 2019 RAMP rating decision considered the evidence of record. The Veteran timely appealed this RAMP rating decision to the Board in February 2019, only appealing the three issues reflected in the title page and requested evidence submission to be considered by the Board. 

The issues below are being remanded to correct duty to assist errors that occurred prior to the January 2019 RAMP rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain medical opinions for the claims, despite the current diagnoses and the service treatment records that indicate treatment related to the claimed disabilities.

Sciatica, right side 

An April 2017 Peripheral Neuropathy Disability Benefits Questionnaire (DBQ) reflects the following diagnoses: carpal tunnel syndrome of the bilateral upper limbs (diagnosed in 1997) and diabetes mellitus with diabetic autonomic polyneuropathy (diagnosed in 2003). Pain was noted on the upper and lower bilateral extremities, numbness on the bilateral lower extremity, and shininess of feet from his diabetic neuropathy. Sciatic nerve was described as normal. The RO denied service connection, stating that there is no diagnosis of sciatica. 

Service treatment records indicate pain, numbness, tingling in both arms for years and a diagnosis of right sciatic pain and radiculopathy. A service treatment record shows that the Veteran’s bilateral rib resection may be causing the pain and numbness. As the record shows current diagnoses related to neuropathy and service treatment records show symptoms consistent with sciatica and neuropathy, a VA examination is required to clarify the current diagnosis and its etiology. 

Left arm 

Service treatment records indicate complaints of and treatment for pain, tingling, and numbness in the left arm.

As stated above, the record indicates neuropathy. It is not clear if the Veteran has a specific disability related to his left arm. As such, a remand is required for an examination and opinion. 

Special monthly compensation

With respect to the Veteran’s special monthly compensation claim, the Board finds that a remand is required prior to adjudication of the claim. This issue is inextricably intertwined with the service connection claims for sciatica and left arm disability. 

The matters are REMANDED for the following action:

1. Schedule an appropriate VA examination to determine the nature and etiology of the Veteran’s sciatica and left arm disability.

Following review of the claims file and examination of the Veteran, the examiner should provide opinions that respond to the following:

(a.) Whether it is at least as likely as not that the sciatica manifested during active service; or is otherwise related to an event, injury, or disease incurred during active service. If any previously diagnosed sciatica is not found on examination, the examiner should address the prior diagnosis of record and indicate whether it may have resolved or been misdiagnosed.

(b.) Whether it is at least as likely as not that the Veteran’s sciatica is proximately due to or caused by his service-connected bilateral rib resection. 

(c.) Whether it is at least as likely as not that the Veteran’s sciatica, was aggravated (worsened in severity beyond a natural progression) by his service-connected bilateral rib resection. 

(d.) Whether the Veteran has a disability of the left upper extremity.

(e.) If it is determined that the Veteran has a left upper extremity disability, the examiner is asked to address the following:

Whether it is at least as likely as not that the Veteran’s left arm disability manifested during active service; or is otherwise related to an event, injury, or disease incurred during active service. 

Whether it is at least as likely as not that the Veteran’s left arm disability is proximately due to or caused by his service-connected bilateral rib resection. 

Whether it is at least as likely as not that the Veteran’s left arm disability, was aggravated (worsened in severity beyond a natural progression) to include his service-connected bilateral rib resection. 

The examiner is asked to provide a complete a rationale for all opinions offered.

2. Schedule the Veteran for an appropriate Aid and Attendance examination to determine whether his service-connected disabilities render him in the regular need of aid and attendance of another. 

(Continued on the next page)

 

The examiner is asked to specifically note the disabilities for which he requires the regular aid and attendance of another.

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Talamantes, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.